■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIE RIBON, Appellant. — Judgment, Supreme Court, New York County (Galligan, J.), rendered on September 28, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Ross, J. P., Bloom, Lynch and Asch, JJ.

■ BARBARA TARMAN, Respondent-Appellant, v JOSEPH K. ROWE, Appellant-Respondent, and CROYDEN MANAGEMENT Co. et al., Respondents-Appellants. — Judgment, Supreme Court, New York County (Lehner, J.), entered on March 12, 1982, unanimously affirmed. Plaintiff-respondent-appellant and defendants-respondents-appellants shall each recover of defendant-appellant-respondent $75 costs and disbursements of these appeals, without prejudice to an application at Special Term for additional allowance pursuant to CPLR 8302. No opinion. Concur — Ross, J. P., Bloom, Lynch and Asch, JJ.

■ MICHELINE LERNER, Respondent, v ALAN J. LERNER, Respondent. SHAFRAN & COHEN, Appellants. — Order, Supreme Court, New York County (Gabel, J.) entered April 29, 1982, which denied the motion of counsel for the respondent to quash an information subpoena served on counsel in enforcement of judgment proceedings, modified, on the law and the facts and in the exercise of discretion, without costs, to eliminate the two first sentences in Questions Nos. 9 and 10, which sentences inquire as to what services have been rendered on behalf of the respondent, and what services counsel have been retained to render on behalf of respondent and otherwise affirmed. While the inquiry as to compensation and the commencement thereof may be relevant in determining the funds available to the respondent, inquiry as to services rendered or to be rendered by counsel, without more, exceeds the bounds on the scope of disclosure. (See *Matter of Priest v Hennessy*, 51 NY2d 62.) Concur — Kupferman, J. P., Sandler, Ross, Bloom and Milonas, JJ.